UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TRAVIS CORK,

    Petitioner,

vs.                            Case No. 5:11-cv-661-Oc-29TBS

WARDEN, FCC COLEMAN-USP-II,

    Respondent.
_____

## **ORDER OF DISMISSAL**

This matter comes before the Court upon initial review of the file. Petitioner, who is currently incarcerated within the United States Penitentiary located in Coleman, Florida (hereinafter "FCC Coleman"), initiated the above-captioned action by filing a one-page pleading entitled "Petition for Writ of Habeas Corpus" (Doc. #1, Petition). Petitioner states that he has been confined at FCC Coleman "since April 5 with no commitment order, no sentence and no detainers." Petition at 1. Petitioner states that the warden "has no authority from any court" to continue to hold him. Id. Petitioner filed a letter motion (Doc. #6, Motion) requesting that the Court schedule a hearing on his Petition, because he has been held in a federal prison "for more than 28 months" and contends that he has "never been sentenced to jail or prison time [sic] by any judge anywhere at anytime." Motion at 1.

The Court takes judicial notice that, on May 21, 2008, United States District Judge William S. Duffey, Jr. revoked Petitioner's supervised release in case number 1:04-cr-33-JOF-JFK filed in the

United States District Court, Northern District of Georgia, Atlanta Division. A copy of Judge Duffey's Order is attached hereto (hereinafter "May 21, 2008 Order'). In addition to Petitioner's supervised release being revoked, Petitioner was "remanded to the custody of the Bureau of Prisons for a period of twelve (12) months." May 21, 2008 Order at 1. This "term of imprisonment shall be served consecutive to the sentence of imprisonment [Petitioner] has been ordered to serve in Criminal Action No. 1:07-cr-183-1-WSD, which sentence was imposed by [the same court] on May 20, 2008." Id. at 2. The Court's records reveal that Petitioner was sentenced to eighty (80) months in Criminal Action No. 1:07-cr-183-1-WSD. See Judgment in Civil Case No. 1:07-cr-183-WSD attached to May 20, 2008 Order.

Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, **unless it appears from the application that the applicant or person is not entitled thereto.**

28 U.S.C. § 2243 (emphasis added). Similarly, Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. **If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the**

**district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.**

RULES GOVERNING SECTION 2254 CASES, RULE 4 (emphasis added).

The Rules Governing Section 2254 cases, which have been adopted in this District, require that a petition be in substantially the form annexed to the rules. Rule 2(c), Rules Governing Section 2254 cases. Nonetheless, based upon the face of the Petition and taking judicial notice of the docket of the United States District Court for the Northern District of Georgia, Atlanta Division,[1] the Court finds that it would futile to direct Petitioner to submit an amended petition on the approved form because dismissal of the Petition is appropriate because Petitioner has been adjudicated guilty, sentenced and remanded to the custody of the Bureau of Prisons.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, ___ U.S. ___, 129 Ct. 1481, 1485 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the

---

[1] See Fed. R. Evid. 201.

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED.**

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __2nd__ day of February, 2012.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record

-4-